**IT IS ORDERED as set forth below:**



**Date: June 8, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BLVCK BVLLED INVESTMENTS, LLC,**<br><br>    Debtors.<br><br>**Blvck Bvlled Investments, LLC,**<br>**Movant(s),**<br><br>vs<br><br>**BSI Financial Services and Select Portfolio Servicing, Inc.,**<br>**Respondent(s).** | **CHAPTER 11**<br><br>**CASE NO. 20-62128-pmb**<br><br>**Contested Matter** |

**FOURTH INTERIM ORDER AUTHORIZING DEBTOR
TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**

This matter came originally came before the Court on March 9, 2020 on Blvck Bvlled Investments, LLC's ("Debtor" or "Debtor in Possession") *Motion for Entry of an Order Authorizing Use of Cash Collateral* [Doc. No. 16] (the "Motion") that was filed on February 25,

1

2020. Chad Simon appeared on behalf of BSI Financial Services and did not object to the relief requested. Shawna Staton appeared on behalf of the United States Trustee and did not oppose the relief requested. No party appeared on behalf of Select Portfolio Servicing, Inc.

The Court held a second interim hearing on April 6, 2020, and no party appeared in opposition to the requested relief. Shawn Staton appeared on behalf of the United States Trustee and Will Geer appeared on behalf of the Debtor. Debtor's principal, Michael Cobb, also appeared by phone. At the hearing, Debtor requested entry of a third interim order regarding its use of cash collateral.

The Court held a third hearing on May 4, 2020. Shawn Staton appeared on behalf of the United States Trustee and Will Geer appeared on behalf of the Debtor. Mark Baker appeared on behalf of BSI Financial Services. No party opposed the relief requested.

The Court held a fourth hearing on June 8, 2020. Shawn Staton appeared on behalf of the United States Trustee and Will Geer appeared on behalf of the Debtor. Mark Baker appeared on behalf of BSI Financial Services. No party opposed the relief requested.

A.   Debtor filed its petition for relief under Chapter 11, Title 11 U.S.C. (the "Bankruptcy Code") on February 3, 2020 (the "Petition Date"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this reorganization case.

B.   Debtor asserts that it owns and operates residential rental real properties located at 2207 Vineyard Court Albany, GA 31721 (the "Vineyard Property"), 3413 Plantation Road, Albany, Georgia 31721 (the "Plantation Property"), and 4826 Marlborough Avenue, Albany,

Georgia 317212 (the "Marlborough Property", together with the Plantation Property and Vineyard Property, the "Properties" and the "Business").

      C.      BSI Financial Services ("BSI") asserts a first priority security interest in all rental income derived from the Marlborough Property. Select Portfolio Servicing, Inc. ("SPS", collectively with BSI, the "Respondents") asserts a first priority security interest in all rental income derived from the Vineyard Property and the Plantation Property.

      D.      Debtor asserts that it generates substantially all of its revenue from the operation of the Business.

      E.      Debtor's cash revenue generated from the Business may constitute the cash collateral of Respondents (the "Cash Collateral") and others within the meaning of Section 363(a) of the Bankruptcy Code.

      F.      Debtor contends it has provided actual notice, via U.S. First Class Mail, of the Motion and the relief requested therein to all entities claiming an interest in the Business and/or the Cash Collateral, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

      G.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

      H.      An immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical business operations. A schedule of the Debtor's revenues and cash requirements is set forth in the budget (the "Budget") attached hereto as Exhibit "A" and incorporated herein by reference.

      I.      In order to continue the Debtor's Business operations and to preserve the value of the

Debtor's assets, the Debtor requires the use of the Cash Collateral in accordance with this Order. The Debtor's budget is an estimate of the amounts needed to operate its business. Debtor may, in the ordinary course of Business, pay the actual amounts for insurance and property taxes related to the Properties.

J.   Good cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize the disruption of the Debtor's existing business, will increase the possibility for a successful reorganization, sale or orderly liquidation of the Debtor and its assets, and is in the best interests of the Debtor, its creditors and other parties-in-interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

<u>Authorization to Use Cash Collateral</u>.  The Motion is granted. Subject to the terms hereof, this Order is valid immediately and shall continue through and including midnight on the date the Final Hearing is set. Debtor is authorized to use Cash Collateral consistent with the attached Budget, subject to variances of up to 15%.

<u>Adequate Protection.</u>  In order to provide adequate protection to Respondents for Debtor's use of Cash Collateral, the Debtor hereby grants to each of the Respondents, and the Court hereby authorizes the Debtor to grant to Respondents, a valid and properly perfected security interest on all property acquired by the Debtor after the Petition Date that is of the same or similar nature, kind or character, and priority as the collateral had by such Respondent as of the Petition Date.

<u>No Prejudice</u>.  This Order is entered without prejudice to the rights of the Respondents or the Debtor to seek a modification of the terms hereof after notice and a hearing.

<u>Final Hearing</u>. A Final Hearing will be held on the Motion on **June 22, 2020 at 2:00 p.m. telephonically.**

- Dial the appropriate toll-free number shown on the list below.

- Enter the access code associated with the toll-free number.

- Dial in at least 10 minutes before the hearing time.

- Place all phones on mute. Under no circumstances should you place this call on hold.

- Pursuant to BLR 5073-1, you are prohibited from recording or broadcasting the proceedings conducted by the United States Bankruptcy Court.

- Each time you speak, identify yourself for the record.

- Toll Free Number:  888-557-8511

- Access Code:  3347422

Service. Debtor's counsel is to serve this Order on the Respondents, the United States Trustee, the twenty largest unsecured creditors, and any parties requesting notice within three business days and promptly file a certificate of service.

**END OF DOCUMENT**

*Prepared and Presented By:*

Wiggam & Geer, LLC


/s/ Will B. Geer
Will B. Geer
Georgia Bar No. 940493
50 Hurt Plaza, SE, Suite 1150
Atlanta, GA 30303
Tel.: (404) 233-9800
Fax: (404) 287-2767
wgeer@wiggamgeer.com
*Proposed Attorneys for Debtor*

Exhibit "A" Budget

|  | **Plantation Property** | **Vineyard Property** | **Marlborough Property** |
|---|---|---|---|
| **Income** |  |  |  |
| Rental Income | $900.00 | $1,000.00 | $0.00 |
| **Expenses** |  |  |  |
| Property Insurance | $54.08 | $55.66 |  |
| U.S. Trustee Quarterly Fees | $54.17 | $54.17 |  |
| Property Taxes | $176.52 | $176.66 |  |
| Property Management Fee | $81.00 | $90.00 |  |
| Repair Costs | $100.00 | $100.00 |  |
| Total Expenses | $465.77 | $476.49 |  |

Distribution List

Will Geer
Wiggam & Geer, LLC
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303

United States Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, Georgia 30303