**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62128-pmb |
| | ) | CHAPTER 11 |
| BLVCK BVLLED INVESTMENTS, LLC, | ) | |
| | ) | |
| | ) | JUDGE PAUL BAISIER |
| DEBTOR. | ) | |

-------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| AS INDENTURED TRUSTEE FOR | ) | |
| ANGEL OAK MORTGAGE TRUST I, | ) | |
| LLC 2018-PB1, | ) | |
| MOVANT, | ) | |
| | ) | CONTESTED MATTER |
| V. | ) | |
| | ) | |
| BLVCK BVLLED INVESTMENTS, LLC, | ) | |
| DEBTOR, | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES TRUSTEE, TRUSTEE, | ) | |
| RESPONDENTS. | ) | |
| _____ | ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that U.S. Bank National Association as Indentured Trustee for Angel Oak Mortgage Trust I, LLC 2018-PB1has filed a ***Motion For Relief From Automatic Stay*** related papers with the Court seeking an order lifting the automatic stay to allow foreclosure.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the ***Motion For Relief From Automatic Stay*** in Courtroom 1202, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303, at ***1:30 p.m.*** on ***July 27, 2020.***

**\*\* Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: **Clerk, U. S. Bankruptcy Court, 75 Ted Turner Drive, SW, Room 1340, Atlanta, GA 30303**. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: June 30, 2020

Respectfully Submitted,
/s/ Mark A. Baker
Mark A. Baker, (GBN # 033840)
*Counsel for Movant*
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Atlanta, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: mbaker@mtglaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62128-pmb |
| | ) | CHAPTER 11 |
| BLVCK BVLLED INVESTMENTS, LLC, | ) | |
| | ) | |
| | ) | JUDGE PAUL BAISIER |
| DEBTOR. | ) | |

-----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| AS INDENTURED TRUSTEE FOR | ) | |
| ANGEL OAK MORTGAGE TRUST I, | ) | |
|  LLC 2018-PB1, | ) | |
| MOVANT, | ) | |
| | ) | CONTESTED MATTER |
| V. | ) | |
| | ) | |
| BLVCK BVLLED INVESTMENTS, LLC, | ) | |
| DEBTOR, | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES TRUSTEE, TRUSTEE, | ) | |
| RESPONDENTS. | ) | |
| | ) | |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**COMES NOW** U.S. Bank National Association as Indentured Trustee for Angel Oak Mortgage Trust I, LLC 2018-PB1 ("Movant") a secured creditor in the above-captioned case, by and through counsel, and moves this Court to enter an order granting its request for relief from the automatic stay imposed by 11 U.S.C. § 362(a). In further support of this Motion, Movant respectfully states:

1. On February 3, 2020, Debtor filed a petition with the Bankruptcy Court for the Northern District of Georgia under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. The Debtor holds title to the real property (hereinafter "Collateral") described in that Security Deed recorded in the Dougherty Clerk of Superior Court in Book 4447 at Page 1 and recorded on September 18, 2017 (hereinafter "Security Deed"), which describes real property owned by Debtor and known as: 4826 Marlborough Avenue, Albany, GA 31721 ("Property"). A copy of the Security Deed is attached hereto and is incorporated herein as Exhibit "A".

3. Movant holds a Promissory Note secured by the Security Deed from the Debtor in the original principal amount of $152,000.00 and dated August 23, 2017 (hereinafter "Note"). A copy of the Note, is attached hereto as Exhibit "B".

4. The Note is either made payable to Movant or has been duly indorsed. Movant, directly or through an agent, has possession of the Note. Movant is the original mortgagee or the beneficiary or the assignee of the Mortgage or Security Deed.

5. Upon information and belief, the approximate payoff, exclusive of legal fees and expenses incurred in the connection with the instant motion, due and owing to the Movant as of July 1, 2020 is approximately $243,954.16.

6. Based on the Debtor's Schedule A/B, the value of the Property is approximately $145,000.

7. As a result of the averments in paragraphs 5 and 6, no equity exists in the subject property.

8.     Debtor is in breach of the terms of the Note and Security Deed by failing to pay the Note in full, which matured by its terms on September 1, 2018. As a result of maturity, the entire balance is due in the approximate sum of $243,954.16.

9.     Even though the loan has matured by its terms, Debtor is in default in monthly payments and is due for the monthly payment due July 1, 2018, in the amount of $1,520.00 (principal and interest), at total of twenty-four (24) monthly payments ($36,480.00).

10.     Upon information and belief, the Property is intended as rental property, is currently unoccupied and not producing income.

11.     Cause exists for relief from the automatic stay. Direct mortgage payments are not being made to the Movant as required. As such, Movant's interests are not adequately protected.

12.     In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee.

13.     Upon information and belief, the Property is not necessary to an effective reorganization.

**WHEREFORE**, Movant prays the Court as follows:

1.     Modify the Automatic Stay of 11 U.S.C. § 362(a) to permit Movant to enforce its security interest in the Property including but not limited to any non-bankruptcy remedies to foreclose and obtain possession;

2.      Modify Rule 4001(a)(3) of the Bankruptcy Code so that it is not applicable in this case and so Movant may immediately enforce and implement this order granting relief from the automatic stay;

3.      As an alternative to the relief prayed for above, grant adequate protection to Movant for its interest in the Collateral;

4.      Movant specifically requests permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and

5.      Grant Movant such other and further relief as the Court deems just and proper.

This the 30th day of June, 2020.

Respectfully Submitted,
/s/ Mark A. Baker_____
Mark A. Baker (GBN # 033840)
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: mbaker@mtglaw.com
*Counsel for Movant*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62128-pmb |
| | ) | CHAPTER 11 |
| BLVCK BVLLED INVESTMENTS, LLC, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| _____DEBTOR._____ | ) | |

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing NOTICE OF MOTION, MOTION FOR RELIEF FROM STAY AND NOTICE OF ASSIGNMENT OF HEARING was provided via Regular U.S. Mail and/or Electronic Mail via CM/EC to the parties listed on the attached service list, this 30th day of June, 2020.

Via U.S. Mail:

BLVCK Bvlled Investments, LLC
3711 Ramsey Circle SW
Atlanta, GA 30331

BLVCK Bvlled Investments, LLC
4826 Marlborough Avenue
Albany, GA 31721

Internal Revenue Service CIO
P.O. Box 7346
Philadelphia, PA 19101-7346

Select Portfolio Servicing, Inc.
PO Box 65450
Salt Lake City, UT 84165-0450

U.S. Bank NA, as indentured Trustee
For Angel
BSI Financial Services
1425 Greenway Dr., #400
Irving, TX 75038-2480

BSI Financial Services
P.I. Box 517
Titusville, PA 16354-0517

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071-1570

Georgia Department of Revenue
Compliance Division
ARCS Bankruptcy
1800 Century Blvd NE Suite 9100
Atlanta, GA 30345-3202

Georgia Department of Revenue
Bankruptcy Section
P.O. Box 161108
Atlanta, GA 30321-0000

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington, DC 20200

U.S. Bank National Association
P.O. Box 65250
Salt Lake City, UT 84165-0250

Bret J. Chaness
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071-1570

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, NE
Suite 900
Atlanta, GA 30326-1382

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta, GA 30303-3309

Via CM/ECF:

Will B. Geer
Wiggam & Geer, LLC
Suite 1150
50 Hurt Plaza SE
Atlanta, GA 30303

U.S. Trustee
United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Shawna Staton
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 30th day of June, 2020.


**McMichael Taylor Gray, LLC**

/s/ Mark A. Baker_____
Mark A. Baker (GBN # 033840)
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: mbaker@mtglaw.com
*Counsel for Movant*

# EXHIBIT A

FILED IN OFFICE
9/18/2017    12:19 PM
BK=4447    PG:1-8
EVONNE S. MULL
CLERK OF COURT
DOUGHERTY COUNTY

After recording, return to:

M. Jeremy Lynch, PC
P.O. Box 71266

File Number:

[Space Above This Line For Recording Data]

## SECURITY DEED

**STATE OF GA**
**COUNTY OF**
**Dougherty**

THIS SECURITY DEED is given on this **23rd** day of **August, 2017**, by and between **bivck bviled investments limited liability company** as party or parties of the first part (hereinafter referred to as "Grantor"), and **Angel Oak Prime Bridge LLC**, as party or parties of the second part (hereinafter referred to as "Grantee"), whose address is **3060 Peachtree Road, Suite 500, Atlanta GA 30305**.

### WITNESSETH:

FOR THE CONSIDERATION hereinafter set forth and other goods and valuable consideration delivered to Grantor by Grantee at and before the execution, sealing and delivery hereof, the receipt and sufficiency of which is hereby acknowledged, Grantor has and hereby does grant, bargain, sell and convey unto Grantee and the heirs, legal representatives, successors and assigns of Grantee all that tract or parcel of land known by its common street address as **4826 Marlborough Ave Albany GA, 31721**, and being more specifically and completely described in **EXHIBIT "A"** attached hereto and incorporated herein by reference.

THIS CONVEYANCE is made under the provisions of the existing Code of the State of Georgia to secure a debt (and interest thereon and other indebtedness as described herein) evidenced by Promissory Note dated, this of 23rd day of **August, 2017**, and made by Grantor to order of Grantee, for the principal sum of $ **152,000.00** with the maturity date of **09/01/2018** or the occurrence of the sale or transfer of the property described above, whichever comes first.

TO HAVE AND TO HOLD said tract or parcel of land, together with any and all of the rights, members and appurtenances thereof to the same being, belonging or in any way appertaining to the only proper use, benefit and behalf of the Grantee and the heirs, legal representatives, successor and assigns of Grantee, forever, in FEE SIMPLE.

Should the indebtedness hereby secured be paid according to the tenor and effect thereof when the same shall become due and payable, and should Grantor perform all covenants herein contained, then this Deed shall be canceled and surrendered, it being intended by the parties hereto that this instrument shall operate as a deed, and not as a mortgage.

Grantor shall be prohibited from creating a lien or encumbrance subordinate to this deed without Grantee's written consent. This includes any second mortgage. If all or any part of the property or an interest therein is sold or transferred by Grantor without Grantee's prior written consent, excluding (a) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (b) the grant of any leasehold interest of three (3) years or less not containing an option to purchase, the balance of the Promissory Note shall become immediately due and payable at the option of Grantee. Grantee shall have waived such option to accelerate if, prior to the sale or transfer, Grantee and the person to whom the property is to be sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Grantee herein and the interest payable on the sums secured by this Deed shall be at such rate as Grantee herein may establish.

Acceptance by Grantee of one or more installment payments on the indebtedness secured thereby subsequent to any sale, transfer or other change in ownership or possession of said Property, or any part thereof, and to which the Grantee has not granted written consent, shall not constitute a waiver of the Grantee's option to accelerate, which may be exercised by Grantee at any time.

SECURITY DEED

The Grantor covenants and agrees, so long as any indebtedness secured hereby shall remain unpaid, to keep the property and all improvements thereon in as good condition as now exists, natural wear and tear excepted, and also not to demolish, destroy or remove any permanent structure now existing on the premises or make any alteration thereon that would constitute a structural change without the written consent of the Grantee; to pay all taxes, assessments and other bills that may become liens upon said Property, as they become due; to keep the improvements on said property fully insured, by an insurance company authorized to do business in the state in which the property is located, against loss by fire and such other hazards in sufficient form as may, from time to time, be required by Grantee with a mortgage clause approved by Grantee naming Grantee as a loss payee (and if Grantee shall not have specified an amount hereunder, then in an amount equal to and not less than the aggregate indebtedness at any time outstanding against the property), and shall deliver the policies (or other appropriate proof) of insurance and any renewals thereof to the said Grantee; and that any tax, assessment, prior lien or premium of insurance not paid when due by the Grantor may be paid by the Grantee and any sum so paid shall be added to the amount of said principal debt as part thereof, shall draw interest from the time of said payment at the rate of eighteen per cent (18%) per annum and shall, with interest, be covered by the security of this Deed.

AND Grantor hereby further covenants and agrees that in the case of any default in any partial payment of said indebtedness or in the due performance of any of the covenants herein expressed to be performed by Grantor, then, and in that event, the entire amount of said principal indebtedness, together with any and all sums paid for accounts of Grantor in accordance with the provisions above set forth, shall, at the option of Grantee, then and thereby become and be due and payable forthwith, with accrued interest, and all expenses and cost of collection, including fifteen per centum (15%) of the amount due as attorney's fees, and the amount of such costs, expenses and fees shall be added to the amount of the debt hereby secured as part thereof, and as such shall also be covered by the security of the Deed; and time is of the essence of this contract.

Should default occur in the payment of any portion of the indebtedness secured hereby, taxes or insurance premiums herein mentioned, or in the performance of any obligation or condition recited herein, then, and in that event, Grantee shall be at liberty to apply for and shall be entitled as a matter of right, without regard to the value of the property above described, or to the solvency or insolvency of Grantor, to the appointment of a receiver to collect the rents and profits of said property and with the power to sell said property under order of court and apply the net proceeds of the sale toward the payment of the debt secured by this Deed.

In consideration of the loan made Grantor by Grantee, and further to secure the indebtedness of Grantor to Grantee hereunder, Grantor hereby sells, assigns and transfers to Grantee all of the rent which shall hereafter become due or be paid on the above described property; but Grantee agrees that this rent assignment will not be enforced so long as no default on the part of Grantor exists under the terms and conditions of this Deed and, while no such default exists, Grantee waives its rights to and its interest in said rents but upon any default in the performance of any agreement or covenant to be performed by Grantor under the terms of this Deed, Grantor agrees that Grantee may enter upon said property and collect the rents there from and hereby constitutes Grantee as Grantor's agent to declare the existence of a default hereunder and Grantor hereby agrees that any tenant in said property or any renting agent in charge thereof shall be, and is hereby authorized when a default shall be so declared to exist, to pay any such rents to Grantee, to be applied toward the payment of the debt secured hereby or as provided by law.

The title, interest, rights and powers granted herein by Grantor to Grantee, particularly the power of sale granted herein, shall inure to the benefit of anyone to whom Grantee shall assign the indebtedness herein secured, and/or convey the property herein described, as well as to the successors and legal representatives of Grantee.

Upon the occurrence of an event of default under the Note secured hereby and this Deed to Secure Debt prior to placing an advertisement for notice of foreclosure and sale of the property, the Grantee herein agrees to: (a) notify Grantor in writing of such default; (b) permit Grantor to cure such default within thirty (30) days from the date of such notice by making payment or doing such other act or things that may be considered by the Grantee herein necessary or proper.

In case the debt hereby secured shall not be paid when it becomes due by maturity in due course, or by reason of a default as herein provided, Grantor hereby grants to Grantee, the following irrevocable power of attorney: To sell all or any part of the said property at auction, at the usual place for conducting sales at the Court House in the County where the land or any part thereof lies, in said State, to the highest bidder for cash, after advertising the time, terms, and place of such sale once a week for four weeks immediately preceding such sale (but without regard to the number of days) in a newspaper published in the County where the land or any part thereof lies or in the paper in which the Sheriff's advertisements for such County are published, all other notices being hereby waived by Grantor, and Grantee (or any person on behalf of Grantee) may bid and purchase at such sale and thereupon execute and deliver to the purchaser or purchasers at such sale sufficient conveyance of said property in fee simple, which conveyance may contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends, and Grantor hereby constitutes and appoints Grantee the agent and attorney in fact of Grantor to make such recitals, and hereby covenants and agrees that the recitals so made by Grantee shall be binding and conclusive upon Grantor, and that the conveyance to be made by Grantee shall be effectual to bar equity of redemption of Grantor in and to said property, and Grantee shall collect the proceeds of such sale, and after reserving there from the entire amount of principal and interest due, together with the amount of taxes, assessments, and premiums of insurance or other payments theretofore paid by Grantee, together with all costs and expenses of sale and fifteen per centum (15%) of the aggregate amount due for attorney's fees, shall pay any over-plus to Grantor as provided by law.

AND Grantor further Covenants that in case of a sale as hereinbefore provided, Grantor, or any person in possession under Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over.

The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

It is agreed that the Grantee shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the loan secured hereby.

Whenever the terms "Grantor" or "Grantee" are used in this Deed such terms shall be deemed to include the heirs, administrators, executors, successors, and assigns of said parties. All rights an powers herein granted to the Grantee shall inure to and include his, her, its or their respective heirs, administrators, executors, successors and assigns, and all obligations herein imposed on the Grantor shall extend to and include Grantor's heirs, administrators, executors, successors and assigns.

"**Riders**" means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development | ☒ Other [Specify] Waiver |
| ☒ 1-4 Family Rider | Rider | of Borrowers Rights & |
| | ☐ Biweekly Payment Rider | Closing Attorneys Affidavit |

[THIS SECTION WAS INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Grantor has signed and sealed this Security Deed, the day and year first above written.

Signed, sealed and delivered in the presence of:

UNOFFICIAL WITNESS:

block bulled investments limited liability company
By: kvag dax enterprises limited liability company
Is Manager

BY:
Michael Cobb MEMBER/MANAGER

NOTARY PUBLIC                    Lee County

SECURITY DEED

EXHIBIT 'A'

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 47 IN THE
SECOND L AND DISTRICT OF DOUGHERTY COUNTY, GEORGIA AND BEING ALL OF LOT
45 OF CROFTON SUBDIVISION, SECTION 1 ACCORDING TO A MAP OR PLAT OF SAID
SUBDIVISION AS SAME IS RECORDED IN PLAT BOOK 5 PAGE 61 (PLAT CABINET 1,
SLIDE B-54) IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF DOUGHERTY
COUNTY, GEORGIA.

## BALLOON RIDER

THIS BALLOON RIDER is made this 23rd day of August, 2017, and is incorporated into and shall be deemed to amend and supplement the Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note to Angel Oak Prime Bridge LLC ("Lender") of the same date and covering the property described in the Security Instrument and located at:

### 4826 Marlborough Ave Albany, Dougherty 31721

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

> blvck bulled investments limited liability company
> By: kvng.dum enterprises limited liability company
> Its Manager
>
> BY: _____ (Seal)
>    Michael Cobb MEMBER/MANAGER

_____ Notary Public, _____ County

[Notary seal: CAROLYN C. RO... [Sign Original Only] GEORGIA FEB. 21, 2020 ...PUBLIC LEE COUNTY]

FILED IN OFFICE
1/23/2018  01:59 PM
BK:4478  PG:217-217
EUONNE S. MILL
CLERK OF COURT
DOUGHERTY COUNTY

Prepared by and to be Returned to:
Lionel J. Postic
400 Northridge Road, Suite 850
Atlanta, GA 30350

### ASSIGNMENT OF SECURITY DEED

**State of Georgia**
**County of Dougherty**

For Value Received, Angel Oak Prime Bridge, LLC, which has its address located at 3060 Peachtree Road, NW, Suite 500, Atlanta, GA 30305, the undersigned holder ("Assignor") of a Security Deed or Deed to Secure Debt, grants, sells, assigns, transfers and conveys unto ANGEL OAK REAL ESTATE INVESTMENT TRUST I, which has its address located at 3060 Peachtree Road, NW Ste. 500, Atlanta, GA 30305, all beneficial interest under that certain Security Deed or Deed to Secure Debt described below together with the note(s) and obligations described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed or Deed to Secure Debt.

| | |
|---|---|
| **Original Borrower:** | blvck bvlled investments limited liability company |
| **Original Mortgagee:** | Angel Oak Prime Bridge, LLC |
| **Date Deed to Secure Debt Recorded:** | 9/18/2017 |
| **Book and Page Deed to Secure Debt Recorded:** | Book 4447, Page 1 et seq. |
| **Original Loan Amount:** | $152,000.00 |
| **Property Address:** | 4826 Marlborough Avenue, Albany, GA 31721 |

In all references in this instrument to any party, the use of a particular gender or number is intended to include the appropriate gender or number as the case may be.

In Witness Whereof, Lionel J. Postic (Georgia Bar Number 585603), attorney-in-fact for Angel Oak Prime Bridge, LLC, has set his hand and has caused these present to be signed by its duly authorized representative on 01/18/2018.

Angel Oak Prime Bridge, LLC

By: Lionel J. Postic (Georgia Bar Number 585603)
Its: Attorney-in-Fact

Unofficial Witness
Felicia Black
Print Name:

The foregoing document was personally signed by Lionel J. Postic, Attorney-in-Fact for Angel Oak Prime Bridge, LLC, in my presence on 01/18, 2018.

Lori Ann C. Ahr
My Commission Expires on: January 30, 2021

DOC#: 9062391
FILED IN OFFICE
09/22/2018  04:05 PM
BK:4549  PG:235-235
EVONNE S. MULL
CLERK OF COURT
DOUGHERTY COUNTY

PREPARED BY AND
RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake TX 76092

## RECORD FIRST
## Assignment of Security Deed

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **ANGEL OAK REAL ESTATE INVESTMENT TRUST I  3060 Peachtree Road NW, Ste. 500, Atlanta GA 30305 (Assignor)** by these presents does assign and set over, without recourse, to **ANGEL OAK REAL ESTATE INVESTMENT TRS TRUST I  One Buckhead Plaza, 3060 Peachtree Rd. NW, Suite 500, Atlanta GA 30305 (Assignee)** the described security deed with all interest, all liens, any rights due or to become due thereon, executed by **BLVCK BVLLED INVESTMENTS LIMITED LIABILITY COMPANY** to ANGEL OAK PRIME BRIDGE LLC.   Said security deed **Dated: 8/23/2017** is recorded in the **State of GA, County of Dougherty on 9/18/2017, Book 4447 Page 1 AMOUNT: $ 152,000.00**     Property Address: 4826 MARLBOROUGH AVE, ALBANY, GA  31721
IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper signatory.  Executed on:  September 6, 2018
ANGEL OAK REAL ESTATE INVESTMENT TRUST I
By its Attorney in fact, Servis One, Inc. dba BSI Financial Services

By: _____

Charles R. Hall, Vice President

Signed, sealed and delivered this 09/06/2018 in the presence of:



Witness:  J. Renteria

State of TX
County of Tarrant
Date Notarized: 09/06/2018

_____
C. Lafferty
Notary public, State of TX
My commission expires: November 30, 2018

C. LAFFERTY
MY COMMISSION EXPIRES
November 30, 2018

GA  Dougherty

DOC# 006992
FILED IN OFFICE
10/22/2018    04:05 PM
BK:4549    PG:236-236
EVONNE S. MULL
CLERK OF COURT
DOUGHERTY COUNTY

PREPARED BY AND
RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake TX 76092

RECORD SECOND

**Assignment of Security Deed**                    Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **ANGEL OAK REAL ESTATE INVESTMENT TRS TRUST I One Buckhead Plaza, 3060 Peachtree Rd. NW, Suite 500, Atlanta GA 30305 (Assignor)** by these presents does assign and set over, without recourse, to **ANGEL OAK MORTGAGE TRUST PB, LLC 3060 Peachtree Road NW, Ste. 500, Atlanta GA 30305 (Assignee)** the described security deed with all interest, all liens, any rights due or to become due thereon, executed by **BLVCK BVLLED INVESTMENTS LIMITED LIABILITY COMPANY** to **ANGEL OAK PRIME BRIDGE LLC.**   Said security deed Dated: 8/23/2017 is recorded in the State of GA, County of Dougherty on 9/18/2017, Book 4447 Page 1 **AMOUNT: $ 152,000.00**     Property Address: 4826 MARLBOROUGH AVE, ALBANY, GA 31721
IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper signatory.  Executed on SEP 25 2018
ANGEL OAK REAL ESTATE INVESTMENT TRS TRUST I
By its Attorney in fact, Servis One, Inc. dba BSI Financial Services

By: _____
    Michael Whitfield, VP Loan Administration

Signed, sealed and delivered this *9-25-18* in the presence of:

Witness: _Nicole M Persing_

State of ___PA___
County of ___Crawford___
Date Notarized: _9-25-18_

_Theresa M Hamilton_

Theresa M Hamilton
Notary public, State of ___PA___
My commission expires: _6-1-21_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Theresa M. Hamilton, Notary Public
City of Titusville, Crawford County
My Commission Expires June 1, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

GA  Dougherty

DOC#: 9062893
FILED IN OFFICE
9/22/2018   04:05 PM
BK:4549  PG:237-237
EVONNE S. MULL
CLERK OF COURT
DOUGHERTY COUNTY

PREPARED BY AND
RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake TX 76092

RECORD THIRD
**Assignment of Security Deed**                    Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **ANGEL OAK MORTGAGE TRUST PB, LLC  3060 Peachtree Road NW,
Ste. 500, Atlanta GA 30305** (Assignor) by these presents does assign and set over, without recourse, to **ANGEL OAK
MORTGAGE TRUST I, LLC 2018-PB1  3060 Peachtree Road NW, Ste. 500, Atlanta GA 30305** (Assignee) the described
security deed with all interest, all liens, any rights due or to become due thereon, executed by **BLVCK BVLLED
INVESTMENTS LIMITED LIABILITY COMPANY** to **ANGEL OAK PRIME BRIDGE LLC.**   Said security deed **Dated:
8/23/2017** is recorded in the State of GA, County of Dougherty on 9/18/2017, Book 4447 Page 1 **AMOUNT: $ 152,000.00**
Property Address: 4826 MARLBOROUGH AVE, ALBANY, GA  31721
IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper
signatory.  Executed on:  9/20/18
ANGEL OAK MORTGAGE TRUST PB, LLC
By its Attorney in fact, Servis One, Inc. dba BSI Financial Services

By: _____
      Tara Spangler, AVP Default Operations

Signed, sealed and delivered this 9-20-18 in the presence of:

Witness: Angela Latshaw

State of PA
County of Crawford
Date Notarized: 9-20-18

Ashley Thompson
Notary public, State of PA
My commission expires: 7-23-2022

Commonwealth of Pennsylvania - Notary Seal
Ashley Thompson, Notary Public
Crawford County
My commission expires July 23, 2022
Commission number 1338284
Member, Pennsylvania Association of Notaries

GA  Dougherty

DOC#: 006896
FILED IN OFFICE
01/22/2018  04:05 PM
BK:4549  PG:238-238
EVONNE S. MULL
CLERK OF COURT
DOUGHERTY COUNTY

PREPARED BY AND
RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake TX 76092

RECORD FOURTH
**Assignment of Security Deed**                              Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **ANGEL OAK MORTGAGE TRUST I, LLC 2018-PB1  3060 Peachtree Road
NW, Ste. 500, Atlanta GA 30305 (Assignor)** by these presents does assign and set over, without recourse, to **U.S. BANK
NATIONAL ASSOCIATION AS INDENTURED TRUSTEE FOR ANGEL OAK MORTGAGE TRUST I, LLC 2018-
PB1  1133 Rankin Street, Suite 100, Saint Paul MN 55116 (Assignee)** the described security deed with all interest, all liens,
any rights due or to become due thereon, executed by **BLVCK BVLLED INVESTMENTS LIMITED LIABILITY
COMPANY** to **ANGEL OAK PRIME BRIDGE LLC.**    Said security deed Dated: 8/23/2017 is recorded in the State of GA,
County of Dougherty on 9/18/2017, Book 4447 Page 1 AMOUNT: $ 152,000.00     Property Address: 4826
MARLBOROUGH AVE, ALBANY, GA  31721
IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper
signatory.  Executed on:    OCT 0 3 2018
ANGEL OAK MORTGAGE TRUST I, LLC 2018-PB1
By its Attorney in fact, Servis One, Inc. dba BSI Financial Services

By:

Michael Whitfield, VP Loan Administration

Signed, sealed and delivered this 10-3-18 in the presence of:

Witness:  Stacey M Vroman

State of   PA
County of  CRAWFORD
Date Notarized:  10-3-18

SHEILA J. MAYNARD
Notary public, State of  PA
My commission expires:  3-5-2022

Commonwealth of Pennsylvania - Notary Seal
Sheila J. Maynard, Notary Public
Crawford County
My commission expires March 5, 2022
Commission number 1282111
Member, Pennsylvania Association of Notaries

GA  Dougherty

# EXHIBIT B

### INTEREST ONLY BALLOON NOTE
### 12 Month Term
### (Fixed Rate)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. THEREFORE, YOU WILL BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER. FURTHERMORE, THE REQUIRED MONTHLY PAYMENTS UNDER THIS LOAN ARE FOR INTEREST ONLY AND DO NOT REDUCE THE PRINCIPAL BALANCE OF THIS LOAN.**

**August 23, 2017**

**4826 Marlborough Ave**
**Albany, GA**
**31721**

[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.D. $ **152,000.00** (this amount is called "Principal"), plus interest, to the order of Lender. Lender is **Angel Oak Prime Bridge LLC.** I will make all payments under this Note in the form of cash, check or money order. I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at an annual rate of **12.000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.  PAYMENTS

#### (A)  Time and Place of Payments

I am required to pay **INTEREST ONLY** by making a payment every month.

I will make my monthly payments on the 1st day of each month beginning on **10/01/2017**. I will make these payments every month until I have paid all of the Principal and Interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to Interest before Principal. If, on **09/01/2018**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **3060 Peachtree Road, Suite 500, Atlanta, GA 30305** or at a different place if required by the Note Holder.

#### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S.D. $ **1,520.00.**

### 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid Interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 1. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 2. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 5 calendar days after the date it is due ("grace period"), I will pay a late charge to the Note Holder. The initial amount of the late charge will be **10%** of my overdue payment amount or **$100.00**, whichever is greater. I agree to pay this late charge promptly.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 3. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 4. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 5. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

1.  **SECURED NOTE**

    This Note is a secured instrument. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions may read as follows:

    **Transfer of the Property:** Grantor shall be prohibited from creating a lien or encumbrance subordinate to this deed without Grantee's written consent. This includes any second mortgage. If all or any part of the property or an interest therein is sold or transferred by Grantor without Grantee's prior written consent, excluding (a) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (b) the grant of any leasehold interest of three (3) years or less not containing an option to purchase, the balance of the Promissory Note shall become immediately due and payable at the option of Grantee. Grantee shall have waived such option to accelerate if, prior to the sale or transfer, Grantee and the person to whom the property is to be sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Grantee herein and the interest payable on the sums secured by this Deed shall be at such rate as Grantee herein may establish.

2.  **EXTENSION OF NOTE**

    Lender, at is sole discretion, has the ability to extend this note beyond the original loan term on a month to month basis. Lender, at its sole discretion, may add a 1 point fee for each month this obligation is extended beyond the original Maturity Date. Any fee charged may be charged upon the extension or may be added to the payoff of this obligation.

    WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

    **blvck bvlled investments limited liability company**
    By: kvng.dum enterprises limited liability company
    Its Manager

    BY: _____
    Michael Cobb MEMBER/MANAGER

    *[Sign Original Only]*

# ALLONGE

Loan Number: ▮▮▮▮▮▮▮

Note Date: 08/23/2017

Borrower(s):  Michael Cobb

Property Address: 4826 Marlborough Ave Albany, GA 31721

Note amount: 152,000.00

## PAY TO THE ORDER OF

**Without Recourse**

Company Name: Angel Oak Prime Bridge LLC, a Limited Liability Company
BY:
Melissa Locklear, Post Closing Manager