

**IT IS ORDERED as set forth below:**

**Date: September 24, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| BLVCK BVLLED INVESTMENTS, LLC, | : | CASE NO 20-62128-PMB |
| Debtor. | : | |
| ------------------------------- | -- | ------------------------------- |
| SELECT PORTFOLIO SERVICING, INC. | : | |
| AS SERVICER FOR U.S. BANK NATIONAL | : | |
| ASSOCIATION AS TRUSTEE FOR ANGEL | : | |
| OAK MORTGAGE TRUST I, LLC, 2018-3, | : | |
| MORTGAGE-BACKED CERTIFICATES, | : | |
| SERIES 2018-3, | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| BLVCK BVLLED INVESTMENTS, LLC, | : | |
| UNITED STATES TRUSTEE, Trustee, | : | |
| Respondents. | : | |
| | : | |

## CONSENT ORDER ON MOTION FOR RELIEF
## FROM AUTOMATIC STAY

Select Portfolio Servicing, Inc. as Servicer for U.S. Bank National Association as

Trustee for Angel Oak Mortgage Trust I, LLC, 2018-3, Mortgage-Backed Certificates, Series

BKAO001.N001

2018-3, ("Secured Creditor") filed a Motion for Relief from Automatic Stay (the "Motion") July 14, 2020 (dkt. no. 66) which was set for a hearing on **August 10, 2020** (the "Hearing"). The Motion was heard by the Court. Present at the hearing was Anjali Khosla for Secured Creditor and Will Geer for BLVCK BVLLED INVESTMENTS, LLC ("Debtor"). At the hearing, Counsel for Secured Creditor provided the terms of this agreed order to allow for any creditor objections. No other creditors announced any objection to the agreed order terms listed below. The parties now enter into the below stipulation to agree to plan treatment of the real property commonly known as 2207 VINEYARD CT ALBANY, GA 31721 (the "Property").

## RECITALS

A. On or about 3/27/2018, Debtor, for valuable consideration, made, executed and delivered a Note secured by a Deed to Secure Debt both in the amount of $93,200.00 on the Property.

B. On 2/3/2020, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Georgia.

C. The parties have conferred and agreed upon treatment of Secured Creditor's first lien secured by the Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

## THE PARTIES STIPULATE TO THE FOLLOWING:

1. Secured Creditor holds a fully secured first lien on the Property.

2. **Beginning 9/01/2020, Debtor agrees to make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $681.89 (principal and interest $529.18 + escrow $152.71).** These payments will be applied contractually to the loan as they are received. Debtor is aware this payment may fluctuate and are responsible for confirming that payment with Secured Creditor as needed. At the time this Order was entered, Debtor had already tendered the September 1, 2020 payment to Secured Creditor on September 1, 2020.

BKAO001.N001

3. The approximate contractual loan arrears as of 8/31/2020 totaling $14,459.17 (consisting of monthly payments from 12/01/2018 through 8/1/2020) will be deferred as a non-interest-bearing principal due as a balloon payment on the maturity date 4/1/2048. The breakdown of the arrearage is as follows:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|
| 3 | 12/01/2018 | 02/01/2019 | $738.45 | $2,215.35 |
| 2 | 03/01/2019 | 04/01/2019 | $666.79 | $1,333.58 |
| 16 | 05/01/2019 | 08/01/2020 | $681.89 | $10,910.24 |

Less post-petition partial payments (suspense balance): **$0.00**

Total: **$14,459.17**

4. Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., at Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 3788, or as otherwise directed.

BKAO001.N001

5. Secured Creditor will continue to impound this loan for taxes and insurance related to the Property and charge a monthly escrow payment in addition to Debtor's monthly principal and interest payment. Debtor is obligated to make the monthly escrow payment in addition to principal and interest payments. Debtor understands that these amounts may fluctuate.

6. All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.

7. All other terms of the Deed to Secure Debt and Note not directly altered by this agreement will remain in full force and effect.

8. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

9. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation, Debtor will be considered in default of this Order and Secured Creditor may proceed pursuant to the procedures below.

10. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

It is hereby **ORDERED:**

I. In the event of a default on payments to Secured Creditor or in Debtor's plan proposal under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the

BKAO001.N001

default, Secured Creditor may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a foreclosure sale of the Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Property.

II. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor may proceed pursuant to the terms of the underlying Note and Deed to Secure Debt, and state and federal law, to obtain complete possession of the Property without further Court Order or proceeding being necessary.

III. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed to Secure Debt and original Promissory Note.

**[END OF DOCUMENT]**

Prepared and Submitted by:

/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

Consented to by:

/s/ Will B. Geer, Esq.
Will B. Geer, Esq.
GA State Bar No. 940493
Suite 1150
50 Hurt Plaza SE
Atlanta, GA 30303
(678) 587-8740
wgeer@wiggamgeer.com
Attorney for Debtor

BKAO001.N001

DISTRIBUTION LIST

Blvck Bvlled Investments, LLC
3711 Ramsey Circle, SW
Atlanta, GA 30331

Will B. Geer, Esq.
Suite 1150
50 Hurt Plaza SE
Atlanta, GA 30303

United States Trustee, Trustee
Office of the US Trustee
75 Ted Turner Drive, SW, Suite 362
Atlanta, GA 30303

Lisa F. Caplan, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

BKAO001.N001